UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS JONES,<br><br>          Plaintiff,<br><br>    v.<br><br>EDWARD J. BORLA,<br><br>          Defendant. | Case No. 24-cv-07095-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights action under 42 U.S.C. § 1983 against Defendant Edward J. Borla, the Acting Warden of the California Training Facility ("CTF") at the time of the events alleged in the complaint. Plaintiff claims Defendant violated his Eighth Amendment rights and was negligent under state law by failing to provide portable toilets for inmates during a power outage. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the federal claim is dismissed for failure to state a claim capable of judicial determination, and the state law claim is dismissed without prejudice to filing in state court.

## BACKGROUND

Plaintiff alleges on October 17, 2023, Defendant failed to provide inmates at CTF, including Plaintiff, with access to portable toilets during a 13.5-hour power shutdown that prevented the in-cell toilets from flushing. (ECF No. 1 at 6.) Plaintiff takes a daily medication that causes him to use the restroom frequently. (*Id.*) During power shutdowns, inmates are confined to their cells, and the smell of human waste made eating difficult and caused Plaintiff to feel nauseated and to vomit "several" times. (*Id.* at 6-7.) Plaintiff alleges that in prior shutdowns,

1  prison officials had provided portable toilets in the recreational yard.[1]  (*Id.* at 7.)  Plaintiff claims

2  Defendant's failure to provide portable toilets was negligent and violated Plaintiff's Eighth

3  Amendment right to be free from cruel and unusual punishment.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify actionable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by self-represented litigants must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

//

---

[1] Plaintiff does not allege how inmates were able to access portable toilets in the recreational yard given his allegation that inmates were confined to their cells during power shutdowns.

United States District Court
Northern District of California

**DISCUSSION**

**I.     Eighth Amendment**

Plaintiff's allegations, even when liberally construed in his favor, do not support a reasonable inference of a plausible violation of his Eighth Amendment rights.  "A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  When presented with a claim that a prison condition violates the Eighth Amendment, a court must consider "the circumstances, nature, and duration of any deprivation in determining whether a constitutional violation has occurred."  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  If a condition is "more offensive," it is of constitutional significance even when it exists for a short time, whereas a less offensive condition is of constitutional significance only after it has existed for a longer time.  *Anderson v. County of Kern,* 45 F.3d 1310, 1313 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

There are no allegations supporting a reasonable inference that having to smell feces and urine for 13.5 hours plausibly exposed Plaintiff to substantial risk of serious harm under the Eighth Amendment.  Subjecting a prisoner to unsanitary conditions rises to the level of a deprivation prohibited by the Eighth Amendment where such conditions are "severe or prolonged."  *Id.*  In *Anderson*, inmates were placed in a 10-by-10 foot "safety cell" that had a "pit toilet with a grate," and there was evidence the cell was "dark, scary, and smelled bad, and [] the pit toilet was encrusted with excrement and urine."  *Id.*  The court held this was not a deprivation that implicated the Eighth Amendment— including for one inmate who was in the cell "all night" —because the placement in the cell was not "more than temporary," *Id.* 1313-14.  Similarly, here, Plaintiff's confinement to a cell without a flushing toilet was temporary, occurred on one occasion, and was for a similar period of time as the plaintiff in *Anderson* who was in a cell with a non-flushing toilet "all night."

The cases in which an Eighth Amendment violation has been found based upon the kinds of conditions alleged by Plaintiff involved much more prolonged and severe deprivations than

3

alleged here. *See*, *e.g.*, *Taylor v. Riojas, et al.*, 592 U.S. 7, 7-8 (2020) (per curiam) (holding officials' housing inmates for four days in cell covered "nearly floor to ceiling, in massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet," followed by two days in "frigidly cold cell" with sewage on the floor and no bed or clothes such that plaintiff was "left to sleep naked in sewage" violates the Eighth Amendment); *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of health hazards for nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water in hot temperatures enough to state a claim of unconstitutional prison conditions); *Johnson v. Lewis*, 217 F.3d 726, 732-33 (9th Cir. 2000) (holding substantial deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to implicate the Eighth Amendment). Plaintiff having a non-flushing toilet in his cell for 13.5 hours was far briefer and, unlike in the above cases where an Eighth Amendment violation may have occurred, was not allegedly accompanied by additional unsanitary conditions, such as insects, open sewage, or a lack of food or water. Plaintiff's alleged confinement in a cell with a toilet that did not flush for 13.5 hours does not support a reasonable inference that Defendant plausibly violated his Eighth Amendment rights. Consequently, the complaint does not state an Eighth Amendment claim that is capable of judicial determination under Section 1983.

If the Court finds that a complaint does not state a claim that can proceed, it should determine whether to grant leave to amend. Even when a request to amend is not made, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1128-29 (9th Cir. 2000) (en banc). However, if good faith amendment of the pleading would be futile, leave to amend is properly denied. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). The complaint is clear about the nature, severity, and duration of the conditions Plaintiff allegedly experienced, and such conditions did not, as a matter of law, plausibly expose Plaintiff to a substantial risk of serious harm so as to violate the Eighth Amendment rights. The complaint cannot be amended in good faith to state an Eighth Amendment claim that is capable of

4

judicial determination under Section 1983.

## II. Negligence under State Law

As Plaintiff's only claim under federal law is dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law negligence claim.  *See* 28 U.S.C. § 1367(c)(3) (conferring discretion on district courts to decline to exercise supplemental jurisdiction over state claw claim where the court has dismissed all claims over which it has original jurisdiction). Therefore, Plaintiff's negligence claim will be dismissed without prejudice to bringing it in state court.

## CONCLUSION

For the reasons explained above, the complaint is DISMISSED without leave to amend. The dismissal is with prejudice as to Plaintiff's Eighth Amendment claim.  The dismissal of Plaintiff's negligence claim is without prejudice to filing it in state court.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 14, 2025

JACQUELINE SCOTT CORLEY
United States District Judge